1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

DANIEL ACHESON,

NO.  C16-5588RSL

9

Plaintiff,

10

v.

11

NANCY A. BERRYHILL, Acting
Commissioner of Social Security[1],

ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE
PROCEEDINGS

12

Defendant.

13

14    Plaintiff Daniel Acheson appeals the final decision of the Commissioner of the Social

15 Security Administration ("Commissioner"), which denied his applications for Disability

16 Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

17 of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

18 administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's

19 decision is hereby REVERSED and REMANDED.

20 //

21

22 _____

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security
Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is
substituted for Carolyn W. Colvin as defendant in this suit. The Clerk is directed to update the
docket, and all future filings by the parties should reflect this change.

23

24

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 1

1

## I.      FACTS AND PROCEDURAL HISTORY

2

Plaintiff is a 54-year-old man with a GED. Administrative Record ("AR") at 295, 302.

3

His past work experience was as an assembler, landscaper, retail lot associate, and security

4

guard. AR at 302. Plaintiff was last gainfully employed in October of 2011. AR at 301.

5

Plaintiff protectively filed applications for DIB and SSI on July 16, 2012. AR at 11.

6

Plaintiff asserted that he was disabled due to back pain, memory problems, hearing problems,

7

and depression. AR at 301.

8

The Commissioner denied plaintiff's claims initially and on reconsideration. AR at 11.

9

Plaintiff requested a hearing which took place on April 29, 2014. Id. On August 29, 2014, the

10

ALJ issued a decision finding that plaintiff was not disabled based on her finding that plaintiff

11

could perform specific jobs existing in significant numbers in the national economy. AR at 11-

12

27. Plaintiff's request for review by the Appeals Council was denied on May 17, 2016 (AR at

13

1-6), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined

14

by 42 U.S.C. § 405(g). On July 7, 2016, plaintiff timely filed the present action challenging the

15

Commissioner's decision. Dkt. No. 3.

16

## II.      STANDARD OF REVIEW

17

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

18

social security benefits when the ALJ's findings are based on legal error or not supported by

19

substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th

20

Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

21

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

22

Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750

23

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

24

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 2

medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

### III.     EVALUATING DISABILITY

As the claimant, Mr. Acheson bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. See 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. Id. If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required 12-month duration requirement is disabled. Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); Tackett, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

_____

[2] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit. 20 C.F.R. § 404.1572.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 4

1

IV.    DECISION BELOW

2

On August 29, 2014, the ALJ issued a decision finding the following:

3

1.    The claimant has not engaged in substantial gainful activity since November 15, 2008, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

4

5

2.    The claimant has the following severe impairments: degenerative disc disease; cognitive disorder, not otherwise specified; and alcohol dependence (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

6

7

3.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

8

9

10

4.    The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that he can lift and/or carry up to 20 pounds occasionally and up to ten pounds frequently. He can stand or walk for at least six hours and sit for at least six hours in an eight-hour workday. He can occasionally climb ladders, ropes, or scaffolds. He can frequently stoop, kneel, crouch, and crawl. He should avoid exposure to excessive vibration such as jackhammers and exposure to hazards such as unprotected heights and dangerous machinery. He is able to remember, understand, and carry out simple tasks or instructions typical of occupations with specific vocational preparation ("SVP") levels one or two. He would do best working in an environment making simple work-related decisions and with few workplace changes. He would also do best learning by demonstration.

11

12

13

14

15

16

17

5.    The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

18

19

6.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966).

20

21

7.    The claimant has not been under a disability, as defined in the Social Security Act, from November 15, 2008, through the date of the decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

22

23

AR at 13-27.

24

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 5

1

## V.      ISSUES ON APPEAL

2

The issues on appeal are:

3

A.      Whether the ALJ erred in evaluating the medical evidence.

4

B.      Whether the ALJ erred in evaluating plaintiff's testimony.

5

Dkt. 9 at 2.

6

## VI.      DISCUSSION

7

A.      Evaluation of the Medical Evidence

8

Plaintiff argues that the ALJ erred in her analysis of the medical evidence in the record.

9

See Dkt. 9 at 2-10. The ALJ is responsible for determining credibility and resolving

10

ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722

11

(9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of

12

credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v.

13

Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be

14

upheld." Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).

15

Determining whether inconsistencies in the medical evidence "are material (or are in fact

16

inconsistencies at all) and whether certain factors are relevant to discount" the opinions of

17

medical experts "falls within this responsibility." Id. at 603.

18

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

19

"must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do

20

this "by setting out a detailed and thorough summary of the facts and conflicting clinical

21

evidence, stating his interpretation thereof, and making findings." Id. The ALJ must provide

22

"clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or

23

examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating

24

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 6

or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

1.    Patricia Kraft, Ph.D.

Plaintiff argues that the ALJ erred by failing either to fully incorporate the opinion of state agency psychological consultant Patricia Kraft, Ph.D., into the RFC or to give a sufficient reason to discount her opinion. See Dkt. 9 at 2-4. The Court agrees.

Dr. Kraft opined that, among other limitations, plaintiff was limited to remembering and understanding only one- or two-step tasks. See AR at 121. The ALJ gave Dr. Kraft's opinion weight because it was "consistent with the overall medical record." See AR at 23. However, the ALJ failed to include any limitation to remembering and understanding one- or two-step tasks in the RFC. See AR at 16. The Commissioner concedes that the ALJ erred here but contends that the error was harmless. See Dkt. 10 at 4-5.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)). "[I]n each case we look at the record as a whole to determine [if] the error alters the outcome of the case." Id. Therefore, "an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (quoting Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

Here, the Commissioner argues that the ALJ's error was harmless because the overall decision was still supported by substantial evidence. See Dkt. 10 at 4. The Commissioner notes that other examining physicians found that plaintiff could follow simple instructions and had

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 7

adequate understanding and concentration, implying that Dr. Kraft's opinion was contradicted by other evidence in the record. See id. at 4-5. However, the ALJ specifically found that Dr. Kraft's opinion was consistent with the medical record, including the mental status examinations and intelligence and memory evaluations. See AR at 23. Regardless, even had the ALJ believed there to be a conflict between Dr. Kraft's opinion and the examining physicians' opinions, she must provide specific, cogent reasons for resolving that conflict. See Reddick, 157 F.3d at 722, 725. The ALJ must explain why "significant probative evidence has been rejected." See Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984). Finding an ALJ's failure to resolve conflicts in the medical evidence to be harmless error so long as substantial evidence in the form of another medical opinion in the record supports nondisability would be an absurd result. This would essentially relieve the ALJ of her role as arbiter and guarantee that the opinion most favorable to the Commissioner always prevails.

Had the ALJ fully incorporated Dr. Kraft's opinion, the RFC would have included an additional limitation to remembering and understanding only one- or two-step tasks, as would the hypothetical questions posed to the vocational expert. Based on the incomplete hypothetical questions posed to the vocational expert, the ALJ found that plaintiff could perform the jobs of small products assembler and laundry folder. See AR at 27. According to the Dictionary of Occupational Titles ("DOT"), both of these jobs require reasoning level two. See DOT 706.684-022, available at 1991 WL 679050; DOT 369.687-018, available at 1991 WL 673072. The Ninth Circuit has held that the requirements of reasoning level two are in apparent conflict with an RFC limiting a claimant to performing one- or two-step tasks. See

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 8

1    Rounds v. Comm'r, Soc. Sec. Admin., 807 F.3d 996, 1003 (9th Cir. 2015). Therefore, the

2    ALJ's error affected the ultimate disability determination and is not harmless.

3                    2.        Amanda Ragonesi, Psy.D.

4          Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason

5    supported by substantial evidence to discount the opinion of examining psychologist Amanda

6    Ragonesi, Psy.D. See Dkt. 9 at 4-7. The Court agrees.

7          Dr. Ragonesi examined plaintiff in 2009 and opined that he had marked impairments in

8    his ability to understand, remember, and follow complex instructions and to learn new tasks, as

9    well as moderate impairments in his ability to perform routine tasks, exercise judgment and

10   make decisions, relate appropriately to coworkers, supervisors, and the public, respond

11   appropriately to normal workplace pressures and expectations, and maintain appropriate

12   behavior in the workplace. See AR at 1273. The ALJ gave this opinion only some weight

13   because it was "vague and ambiguous," because of plaintiff's lack of treatment, and because

14   Dr. Ragonesi did not appear to be aware of the extent of plaintiff's alcohol use. See AR at 22.

15   None of these reasons is specific, legitimate, and supported by substantial evidence.

16         First, the ALJ found that Dr. Ragonesi's opinion was vague and ambiguous, noting that

17   it did not include specific functional limitations. See id. However, Dr. Ragonesi completed a

18   standard evaluation form, in which she opined to the degree of plaintiff's limitation in several

19   specific cognitive and social factors that directly correspond to common functional limitations

20   found in an RFC. See AR at 1273. She also explicitly listed what data supported her opinion,

21   including clinical observations and objective test results. See AR at 1273-79. Therefore,

22   substantial evidence does not support the ALJ's finding that Dr. Ragonesi's opinion was vague

23   or ambiguous.

24   ORDER REVERSING AND REMANDING
     FOR FURTHER ADMINISTRATIVE
     PROCEEDINGS  - 9

1    Next, the ALJ gave Dr. Ragonesi's diagnosis of depression and Global Assessment of

2    Functioning score no weight because they "[did] not square" with plaintiff's lack of treatment

3    or psychiatric hospitalizations. See AR at 22. The amount of treatment a claimant has pursued

4    is an "important indicator" of the intensity and persistence of a claimant's symptoms. See 20

5    C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). However, failure to seek mental health treatment is

6    not an appropriate reason to discount a claimant's own testimony about mental health

7    symptoms, let alone a physician's diagnosis. See Nguyen v. Chater, 100 F.3d 1462, 1465 (9th

8    Cir. 1996) (noting that those with depression often do not recognize their condition reflects

9    potentially serious mental illness); see also Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th

10   Cir. 1989) (holding invalid ALJ's rejection of claimant's assertions regarding his depression

11   due to failure to seek psychiatric treatment, finding questionable practice of chastising one with

12   mental impairment for exercise of poor judgment in seeking rehabilitation).

13   Finally, the ALJ discounted Dr. Ragonesi's opinion because she did not appear to have

14   been aware of the extent of plaintiff's alcohol use, which lessened the credibility of plaintiff's

15   mental health complaints to Dr. Ragonesi. See AR at 22. However, the ALJ's inference that

16   Dr. Ragonesi's opinion was largely based on plaintiff's subjective complaints is not supported

17   by substantial evidence. Dr. Ragonesi stated that her opinion regarding plaintiff's functional

18   limitations was based on clinical observations and objective test results, which were included

19   in her report. See AR at 1273-79. "[W]hen an opinion is not more heavily based on a patient's

20   self-reports than on clinical observations, there is no evidentiary basis for rejecting the

21   opinion." Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014). Therefore, the ALJ erred by

22   failing to provide a specific and legitimate reason supported by substantial evidence to

23   discount Dr. Ragonesi's opinion.

24
ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

        3.      Lawrence Moore, Ph.D.

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist Lawrence Moore, Ph.D. See Dkt. 9 at 8-10. The Court disagrees.

Dr. Moore examined plaintiff in July 2012 and opined that plaintiff was markedly limited in his ability to perform several basic work functions. See AR at 754-55. The ALJ gave this opinion little weight because Dr. Moore noted that his "findings were equivocal due to significant gaps in the claimant's history and lack of valid results from some of the testing." See AR at 22-23 (citing AR at 752). Dr. Moore also cautioned that his conclusions were "only tentative." See AR at 752. Dr. Moore found that due to inconsistencies in plaintiff's self-reporting, lack of objective neurological findings, and equivocal psychological test results, he could draw "no definitive conclusions." See id. Therefore, the ALJ provided a specific and legitimate reason supported by substantial evidence to give Dr. Moore's opinion less weight.

        B.      Evaluation of Plaintiff's Credibility

Plaintiff argues that the ALJ erred by failing to give a clear and convincing reason supported by substantial evidence to discount his testimony. See Dkt. 9 at 10-13. The Court disagrees.

Questions of credibility are solely within the responsibility of the ALJ. See Sample, 694 F.2d at 642. To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 11

claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834. That some of the

reasons for discrediting a claimant's testimony should properly be discounted does not render

the ALJ's determination invalid, as long as that determination is supported by substantial

evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

Here, the ALJ found that plaintiff's statements regarding the intensity, persistence, and

limiting effects of his impairments were not entirely credible because, among other reasons,

plaintiff's inconsistent statements about his history of alcohol dependence undermined his

credibility. See AR at 16, 20. An ALJ may find a claimant's testimony to be less than credible

where the claimant has made inconsistent statements about his drug and alcohol use throughout

the record. See Thomas, 278 F.3d at 959; Verduzco v. Apfel, 188 F.3d, 1087, 1090 (9th Cir.

1999). Plaintiff told a treatment provider in 2009 that he had used alcohol since age 10 but had

reduced his usage to occasional wine or beer in 1990. See AR at 499. That provider noted that

this "does not correlate with his facts but it is what he told me!" Id. Later in 2009, plaintiff

denied any current problems with alcohol. See AR at 1277. An examining physician later noted

that this reported period of sobriety was inconsistent with medical records showing otherwise.

See AR at 578. Finally, plaintiff reported to a provider in 2014 that he had consumed alcohol

on a daily basis for 30 years but that he was trying to cut down, though that provider noted that

he had no verification and that plaintiff had "downplayed his alcohol use to previous

providers." See AR at 1281. Therefore, the ALJ provided a clear and convincing reason

supported by substantial evidence to discount plaintiff's subjective reports.

C.      Scope of Remand

The Court may remand this case "either for additional evidence and findings or to

award benefits." Smolen, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 12

decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." Id.

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Here, issues still remain regarding conflicts in the evidence about plaintiff's functional capabilities and his ability to perform other jobs existing in significant numbers in the national economy despite any additional limitations. Accordingly, remand for further consideration is warranted in this matter.

## VII.    CONCLUSION

For the foregoing reasons, the Court finds that the ALJ erred in evaluating the medical evidence in the record. The decision of the Commissioner is REVERSED, and this matter is

//

//

//

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS  - 13

1    REMANDED for further proceedings not inconsistent with this Order.

2

3          Dated this 2nd day of February, 2017.

4                                    Robert S. Lasnik
                                     Robert S. Lasnik
5                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
     ORDER REVERSING AND REMANDING
     FOR FURTHER ADMINISTRATIVE
     PROCEEDINGS  - 14