UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL ACHESON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | NO. C16-5588RSL<br><br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

This matter comes before the Court on Plaintiff Daniel Acheson's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). See Dkt. 14. The Commissioner of the Social Security Administration ("Commissioner") challenges plaintiff's request for statutory attorney's fees on the grounds that the Commissioner's position in this matter was substantially justified and had a reasonable basis in fact and law, and the Commissioner challenges the amount of plaintiff's requested fees on the grounds that the amount is unreasonable under the particular facts of this case. See Dkt. 16. The Court disagrees and GRANTS plaintiff's motion for statutory fees.

//

//

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 1

| | |
|---|---|
| 1 | **I. PROCEDURAL HISTORY** |
| 2 | On February 2, 2017, this Court issued an order reversing and remanding the |
| 3 | Commissioner's decision to deny benefits for further administrative proceedings. See Dkt. 12. |
| 4 | The Court found that (1) the ALJ erred by failing to provide specific and legitimate reasons |
| 5 | supported by substantial evidence to discount the opinions of state agency psychological |
| 6 | consultant Patricia Kraft, Ph.D., and examining psychologist Amanda Ragonesi, Psy.D., and |
| 7 | (2) the errors were harmful because the resulting residual functional capacity ("RFC") and |
| 8 | step-five finding were not supported by substantial evidence. See id. at 7-10. The Court |
| 9 | reversed the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) for |
| 10 | further administrative proceedings due to the harmful error. See id. at 13-14. |
| 11 | **II. DISCUSSION** |
| 12 | In any action brought by or against the United States, the EAJA requires that "a court |
| 13 | shall award to a prevailing party other than the United States fees and other expenses . . . |
| 14 | unless the court finds that the position of the United States was substantially justified or that |
| 15 | special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). When determining |
| 16 | the issue of substantial justification, the court reviews only the "issues that led to remand" in |
| 17 | determining if an award of fees is appropriate. See Toebler v. Colvin, 749 F.3d 830, 834 (9th |
| 18 | Cir. 2014). |
| 19 | Plaintiff was the prevailing party because the Court reversed and remanded the |
| 20 | Commissioner's decision to deny benefits for further administrative proceedings. See Dkt. 12. |
| 21 | The ALJ's failure to provide sufficient reasons to discount Dr. Kraft's and Dr. Ragonesi's |
| 22 | opinions led to the remand. See id. at 7-10. |
| 23 | // |
| 24 | // |

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 2

A. <u>Substantial Justification</u>

The Commissioner argues that her position that the ALJ provided sufficient reasons to discount Dr. Kraft's and Dr. Ragonesi's opinions was substantially justified. <u>See</u> Dkt. 16. The Commissioner has the burden of proving that her position was substantially justified. <u>See</u> <u>Hardisty v. Astrue</u>, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). In addition, a "substantially justified position must have a reasonable basis both in law and fact." <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1258 (9th Cir. 2001) (citations omitted). The fact that the Commissioner did not prevail on the merits does not compel the conclusion that her position was not substantially justified. <u>See</u> <u>Kali v. Bowen</u>, 854 F.2d 329, 334 (9th Cir. 1988) (citing <u>Oregon Envtl. Council v. Kunzman</u>, 817 F.2d 484, 498 (9th Cir. 1987)). However, a determination by the Court that the administrative decision was not supported by substantial evidence is a "strong indication" that the Commissioner's position was not substantially justified. <u>Thangaraja v. Gonzales</u>, 428 F.3d 870, 874 (9th Cir. 2005).

Here, the Commissioner simply reiterates her position from the original litigation, arguing that the ALJ's errors in evaluating the medical evidence were harmless because the ALJ's decision was generally "supported by substantial evidence." <u>See</u> Dkt. 16 at 3-4. However, this Court found that such an approach to harmful error analysis would "essentially relieve the ALJ of her role as arbiter" and lead to an "absurd result." <u>See</u> Dkt. 12 at 8. Having found that the ALJ's errors in evaluating the medical evidence left the RFC unsupported by substantial evidence, the Court now finds no reason that the Commissioner's position was otherwise substantially justified. The Court also concludes that there are no special circumstances that render an EAJA award in this matter unjust. Accordingly, the Court will award plaintiff attorney's fees under the EAJA.

//

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 3

B. <u>Amount of Fees</u>

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. <u>See</u> <u>id.</u> at 433, 436-37.

Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." <u>Id.</u> at 429, 433 n.7. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." <u>Id.</u> at 433.

Here, plaintiff prevailed on the single claim of whether or not the denial of his social security application was not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." <u>See</u> <u>id.</u> at 435. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." <u>Id.</u>

The Court concludes based on a review of the relevant evidence that plaintiff obtained excellent results. The Court then looks to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompass the lodestar. <u>See</u> <u>id.</u> Plaintiff requests attorney's fees in the amount of $3,949.94, representing 20.5 hours of work. <u>See</u> Dkt. 14-1. The Commissioner argues that the amount requested is unreasonable because plaintiff enjoyed limited success, analogizing the case to <u>Blair v. Colvin</u>, 619 Fed.Appx. 583 (9th Cir. 2015). <u>See</u> Dkt. 16 at 5. However, where the district court in <u>Blair</u> limited the scope of remand to reassessing consultants' positions regarding one workplace limitation (<u>see</u> <u>Blair</u>,

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 4

619 Fed.Appx. at 585), the Court's order here was not so limited. See Dkt. 12. The Court found that the ALJ's errors in discounting two physicians' opinions without giving legally sufficient reasons affected the RFC and step-five finding, such that further administrative proceedings, including the opportunity for a new hearing, were necessary. See id. That plaintiff unsuccessfully argued that the ALJ committed other errors does not take away from plaintiff's excellent result.

Therefore, the Court finds reasonable plaintiff's original request for attorney's fees in the amount of $3,949.94. The Court also finds reasonable plaintiff's request for $154.14 for 0.8 hours of additional work replying to the Commissioner's objection to his request for fees. See Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990).

III. CONCLUSION

Plaintiff is awarded $4,104.08 in attorney's fees pursuant to the EAJA and consistent with Astrue v. Ratliff, 130 S. Ct. 2521, 2524 (2010). Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. See id. at 2528. The check for EAJA fees shall be mailed to plaintiff's counsel: Kevin Kerr; Schneider, Kerr, & Robichaux; P.O. Box 14490; Portland, OR 97293.

Dated this 5th day of June, 2017.

ROBERT S. LASNIK
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES - 5